IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   APR 23 2018   ★

LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____x

YANKEE GINDOFF, on behalf of himself and
all others similarly situated,

                Plaintiffs,

    *vs.*

FORSTER & GARBUS, LLP; and JOHN AND
JANE DOES NUMBERS 1 THROUGH 10,

                Defendants.

_____x

CASE NO.:

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION
PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

CV - 18   2364

FEUERSTEIN, J.

TOMLINSON, M.J.

### I.    PRELIMINARY STATEMENT

1.      Plaintiff, YANKEE GINDOFF, on behalf of himself and all others similarly situated, brings this action for the illegal practices of Defendant, FORSTER & GARBUS, LLP, ("FORSTER") and JOHN AND JANE DOES NUMBERS 1 THROUGH 10 (collectively, "Defendants") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiff and other similarly situated consumers.

2.      Plaintiff alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

3.      Such collection practices include, *inter alia*, sending consumers written communications in an attempt to collect debts, which falsely imply the consumers' alleged defaulted and charged-off debts are subject to increase due to the accrual of interest and non-interest charges and fees.

4.      The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The U.S. Congress, finding evidence of the use of abusive, deceptive,

-1-

and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.      The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among these *per se* violations are: false representations concerning the character, amount, or legal status of any debt, 15 U.S.C. §1692e(2)(A); the false representation or implication that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. § 1692e(3); the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); and the failure to disclose that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

7.      The FDCPA at 15 U.S.C. § 1692g, requires a debt collector provide list of certain information regarding a debt in its initial communication with a consumer. Required information includes an accurate statement of the amount of the debt. 15 U.S.C. § 1692g(a)(1).

8.     The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, actual damages, punitive damages, declaratory relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II.     PARTIES

9.     Plaintiff is a natural person.

10.     At all times relevant to this lawsuit, Plaintiff is a citizen of, and resides in, the Hamlet of Monsey, Rockland County, New York.

11.     At all times relevant to this complaint, FORSTER is a limited liability partnership existing pursuant to the laws of the State of New York.

12.     FORSTER maintains its principal business address at, 60 Motor Pkwy, Commack, NY 11725.

13.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 10, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

14.     Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 10, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw the violative policies and procedures used by the employees of FORSTER that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by FORSTER and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## III.    JURISDICTION & VENUE

15.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

16.    Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because FORSTER is subject to personal jurisdiction in the State of New York at the time this action is commenced.

## IV.    FACTS CONCERNING PLAINTIFF

17.    Plaintiff allegedly incurred a financial obligation to Discover Bank for a personal credit card ("Debt.")

18.    The Debt arose out of a transaction or series of transactions in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

19.    The Debt was in default and charged-off by the original creditor at the time the 3/27/2017 Letter was sent.

20.    Creditors charge-off defaulted debts in accordance with federal regulations that require the creditor to remove the debt from their financial statements as assets. *See* Victoria J. Haneman, *The Ethical Exploitation of the Unrepresented Consumer*, 73 Mo. L. Rev. 707, 713-14 (2008) ("a credit card account is characterized as a 'charge-off' account (or worthless account for taxable purposes) when no payment has been received for 180 days."). These charged-off accounts are treated as a loss and the creditor receives a tax deduction under the Internal Revenue Code.

21.    FORSTER also contends the Debt is in default and the amount due had been charged-off and accelerated in full by the creditor.

22.     The alleged Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

23.     Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

24.     Sometime prior to November 13, 2017 the creditor of the Debt either directly or through intermediate transactions, assigned, placed, the transferred, the debt to FORSTER for collection.

25.     FORSTER collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. mail, telephone, and Internet.

26.     FORSTER is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27.     On or about November 13, 2017, FORSTER mailed a collection letter to Plaintiff concerning the Debt. ("11/13/2017 Letter"). A true and correct copy of the 11/13/2017 Letter is attached hereto as *Exhibit A*, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers and Plaintiff's home address to protect Plaintiff's privacy.

28.     The 11/13/2017 Letter was mailed, or caused to be mailed, by persons employed by FORSTER as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29.     The 11/13/2017 Letter was mailed to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

30.     The 11/13/2017 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31.     The 11/13/2017 Letter is the initial communication FORSTER sent Plaintiff to collect the Debt.

32.     Page One of the 11/13/2017 Letter states "**BALANCE DUE as of November 13,**

**2017 - $19,597.46** (Emphasis in original) and then in the body of the letter states:

| Total Amount of the debt due as of charge-off. | $19,597.46 |
|---|---|
| Total amount of interest accrued since charge-off. | $0.00 |
| Total amount of non-interest charges or fees accrued since charge-off. | $0.00 |
| Total amount of payments made on the debt since the charge-off. | $0.00 |

33.     Plaintiff is informed and believes, and on that basis alleges, the Debt is static and

cannot increase.

34.     Neither FORSTER nor the creditor of the Debt may legally or contractually

impose late charges on Plaintiff's Debt.

35.     The creditor of the Debt does not, did not, and never will, add late charges to the

debt FORSTER sought to collect.

36.     FORSTER does not, did not, and never will, add late charges to Plaintiff's Debt.

37.     Neither FORSTER nor the creditor of Plaintiff's Debt may legally or

contractually impose other charges on the Debt.

38.     The creditor of the Debt does not, did not, and never will, add other charges to the

debt FORSTER sought to collect from Plaintiff.

39.     FORSTER does not, did not, and never will, add other charges to the Debt.

40.     The stated amount on the 11/13/2017 Letter is materially false, deceptive, and

misleading in that, *inter alia*, it implies the consumer may owe an additional undisclosed sum of

money after November 13, 2017.

41.     The 11/13/2017 Letter failed to inform Plaintiff that it is an attempt to collect a

debt and that any information obtained will be used for that purpose.

42.     On information and belief, no attorney was meaningfully involved with, or had

reviewed the particular circumstances of Plaintiff's Debt, prior to FORSTER's mailing Plaintiff

the 11/13/2017 Letter.

43.    The 11/13/2017 Letter deprived Plaintiff of truthful, non-misleading, information in connection with FORSTER's attempt to collect a debt.

## V.    POLICIES AND PRACTICES COMPLAINED OF

44.    It is Defendants' policy and practice to engage in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(3), 1692e(10), 1692e(11), and 1692g(a)(1), by sending consumers letters, such as *Exhibit A*, that falsely implies the consumers' debts will increase, fails to inform consumers of the purpose of the letter, and lacks meaningful attorney review.

45.    On information and belief FORSTER's collection letters, in the form attached as *Exhibit A*, were mailed to at least 50 natural persons in the State of New York.

## VI.    CLASS ALLEGATIONS

46.    Plaintiff brings this claim on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

47.    This claim is brought on behalf of a Class of all persons to whom FORSTER mailed a written communication in the form of *Exhibit A*, using an address in the State of New York, during the period of March 14, 2017 through April 5, 2018, which sought to collect a defaulted debt whose balance had been accelerated, and which: (i) stated "BALANCE DUE as of [a certain date]" and listed "Interest" and "Non-Interest Charges/Fees" as $0.00; and (ii) failed to state "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose."

48.    The identities of all class members are readily ascertainable from the records of FORSTER and those entities on whose behalf it attempts to collect debts.

49. The Class claims include all claims the Class members may have for a violation of the FDCPA based on a letter from FORSTER substantially in the same form as *Exhibit A*.

50. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues whether the Defendants' written communications to consumers, in the form attached as *Exhibit A*, violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(3), 1692e(10), 1692e(11), and 1692g(a)(1).

51. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

52. The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

53. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Class defined above are so numerous that joinder of all members would be impractical and includes at least 40 members.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the FORSTER's written communications to consumers, in the form attached as *Exhibit A*, violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(3), 1692e(10), 1692e(11), and 1692g(a)(1).

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

54. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

55. Based on discovery and further investigation (including, but not limited to, FORSTER's disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P.

23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the 11/13/2017 Letter mailed to Plaintiff.

**VII. FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

56.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

57.     FORSTER's violations with respect to its written communications in the form attached as *Exhibit A* include, but are not limited to, the following:

(a)     Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e;

(b)     Making false, deceptive, and misleading representations concerning the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

(c)     False representations or implications that any individual is an attorney or that any communication is from an attorney in violation of 15 U.S.C. §§ 1692e and 1692e(3);

(d)     Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

(e)     Failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector

in violation of 15 U.S.C. § 1692e(11); and

(f)    Failing to provide the amount of the debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692g(a)(1).

## VIII.   PRAYER FOR RELIEF

58.    WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor and in favor of the Class as follows:

A.    **For the FIRST CAUSE OF ACTION:**

(i)    An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure including, but not limited to, defining the Class, the class claims, appointing Plaintiffs as the class representatives, and the undersigned counsel to represent the Class;

(ii)    An award of actual damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B), which includes damages to the extent the recovery of attorneys' fees and costs causes Plaintiff a negative tax consequence;

(iii)    An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iv)    An incentive award for Plaintiff, to be determined by the Court, for Plaintiff's services to the Class;

(v)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(vi)    For such other and further relief as may be just and proper.

## IX.    JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:    Uniondale, New York
          April 3, 2018

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile:  (888) 522-1692
E-Mail:  akleinman@kleinmanllc.com

*Attorney for Plaintiff, Yankee Gindoff, and all others similarly situated*